**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Betty Saunders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 9590 |
| | ) | |
| CACH, LLC, a Colorado limited liability company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Saunders, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Betty Saunders ("Saunders"), is a citizen of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed for a Citibank South Dakota, N.A. ("Citibank") account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4.     Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant CACH is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CACH conducts extensive and substantial business in Illinois.

6.     Defendant CACH is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant CACH acts as a collection agency in Illinois.

7.     Defendant CACH is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

## FACTUAL ALLEGATIONS

8.     Ms. Saunders is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank account.  At some point in time after that debt became delinquent, Defendant CACH

bought Ms. Saunders' Citibank debt, and when CACH began trying to collect the Citibank debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9.    Specifically, Defendant CACH hired Integrity Financial Partners, Inc. ("Integrity"), to demand payment of the Citibank debt from Ms. Saunders, which did so by sending her a collection letter dated July 18, 2012.  A copy of this letter is attached as Exhibit C.

10.    Accordingly, on August 14, 2012, one of Ms. Saunders' attorneys at LASPD informed Defendant CACH, through its collection agent, Integrity, that Ms. Saunders was represented by counsel, and directed Defendant CACH to cease contacting her, and to cease all further collection activities because Ms. Saunders was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.    Undeterred, Defendant CACH then had the Scott Lowery Law Office, P.C. send Ms. Saunders a collection letter, dated October 3, 2012, demanding payment of the Citibank debt.  A copy of this collection letter is attached as Exhibit E.

12.    Thus, on October 30, 2012, Ms. Saunders' LASPD attorney had to again send Defendant CACH a letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.    Defendant CACH's collection actions complained of herein occurred within one year of the date of this Complaint.

14.    Defendant CACH's collection communications are to be interpreted under

3

the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd.
Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from
communicating with a consumer after a direction to cease communications, and from
continuing to demand payment of a debt that the consumer has indicated that they
refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Saunders' agent/attorney, LASPD, told
Defendant CACH to cease communications and cease collections (Exhibit D).  By
continuing to communicate regarding this debt and demanding payment (Exhibit E),
Defendant CACH violated § 1692c(c) of the FDCPA.

18.     Defendant CACH's violation of § 1692c(c) of the FDCPA renders it liable
for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15
U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from
communicating with a consumer if the debt collector knows the consumer is
represented by an attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant CACH knew, or readily could have known, that Ms. Saunders was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant CACH, in writing (Exhibit <u>D</u>), that Ms. Saunders was represented by counsel, and had directed a cessation of communications with Ms. Saunders.  By directly sending a collection letter to Ms. Saunders (Exhibit <u>E</u>), despite being advised that she was represented by counsel, Defendant CACH violated § 1692c(a)(2) of the FDCPA.

22.     Defendant CACH's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Betty Saunders, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Saunders, and against Defendant CACH, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Betty Saunders, demands trial by jury.

Betty Saunders,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  December 3, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com